## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

RYAN MOSELY,

      Plaintiff,

v.

MIAMI-DADE COUNTY,

      Defendant.

_____/

## COMPLAINT

Plaintiff, RYAN MOSELY ("MOSELY" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, MIAMI-DADE COUNTY (hereinafter "the County" or "Defendant") and says:

## JURISDICTION AND VENUE

1.      This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4.      All conditions precedent to this action have been performed or waived.

**PARTIES**

5.      Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Personal Property Evaluator 1, Personal Property Clerk 1, and Agriculture Clerk 1.

6.      Plaintiff is an African-America male who experienced disparate treatment and retaliation on the basis of his race. Plaintiff is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race.

7.      Defendant is organized and existing by virtue of the laws of Miami-Dade County and the State of Florida which operates at and its office where Plaintiff was employed is 10710 SW 211 Street. Suite 207, Cutler Bay, Florida 33189.

8.      Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.      Plaintiff has exhausted his administrative remedies by filing timely charges of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10.      Plaintiff filed his first charge on or about October 1, 2018, which was no more than 300 days after the last discriminatory event occurred, to wit: October 1, 2018.

11.     Plaintiff filed his second charge on or about December 30, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit:  continuing action.

12.     Plaintiff was issued Notices of Suit Rights for both charges on September 9, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notices are attached hereto as Composite Exhibit "A").

## GENERAL ALLEGATIONS

13.     Plaintiff, an African-American male, has worked for Defendant since December 2012.

14.     Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to continuing discrimination and harassment due to his race.

15.     Beginning in approximately March 2018, Plaintiff was subjected to frequent derogatory comments by the Assistant Director, Miguel Garcia ("Garcia"), about his race such as being told he has "nigger-itis" and other offensive comments using the "N" word or implying racial stereotypes based on his race.

16.     Plaintiff complained to his then Director, Cindy Jones ("Jones"), on or about March 22, 2018, and also to Defendant's Human Resources representative, Bobby Felvaris about Garcia's derogatory and offensive comments.

17.     Jones informed Plaintiff that she would talk with Garcia about his conduct but warned Plaintiff that he was still on probation.

18.     At the time of his Complaint, Plaintiff was a probationary Personal Property Evaluator 1.

19.     Garcia's offensive comments and conduct continued unabated.

20.     Plaintiff then filed a Charge of Discrimination alleging racial discrimination and retaliation with Miami-Dade County.

21.      Following his Complaints, Plaintiff began suffering adverse employment actions.

22.     In May 2018, Plaintiff's hours were changed without warning in violation of the terms of Plaintiff's Collective Bargaining Agreement and his overtime hours were suspended indefinitely.

23.     Beginning in June 2018, Plaintiff began receiving meritless disciplinary actions including but not limited to, write-ups after being falsely accused of working a second job without Defendant's approval and falsely providing false time records. These meritless write-ups ultimately led to a Disciplinary Action Reports with the intent to create a justification for Plaintiff's future termination.

24.     Plaintiff provided proof that he was not working a second job without Defendant's approval but Jones refused to remove the write-up from Plaintiff's record.

25.     Jones accused Plaintiff of submitting time sheets with discrepancies all of which Plaintiff provided adequate explanations to the questioned time entries.

26.     Even though Plaintiff was able to prove he did not falsify time records as accused, many other non-African-American employees did provide false time records by taking extended meal breaks on the clock without consequence.

27.     On August 22, 2018, Plaintiff was demoted from Personal Property Evaluator 1 to Clerk 1 despite Plaintiff's satisfactory job performance as rated by his former supervisor, Luis Munoz.

28.     Plaintiff was subjected to aggressive and incessant oversight including intense scrutiny of his time sheets and being required to check in and out each day in person with specific personnel to which no other employees were subjected.

29.     Jones also instructed Plaintiff's supervisor, Jesus Rodriguez ("Rodriguez") not to approve any requests made by Plaintiff without her permission.

30.     On April 3, 2019, Plaintiff was not allowed time off to interview for another position within the County.

31.     Plaintiff was also not allowed to interview for other open Personal Property Evaluator 1 positions once he was demoted to Clerk 1 despite being qualified to hold the position.

32.     Plaintiff had his annual review delayed from August until October 1, 2019.

33.     Plaintiff was forced to accept a transfer to the agriculture division in order to continue his employment with Defendant.

34.     Also in 2019, Jones inexplicably suspended Plaintiff from participating in the Goodwill Ambassador Service, a program that allowed Plaintiff to earn annual vacation time for volunteering.

35.     At time of his suspension from the Goodwill Ambassador Service, Plaintiff was earning between 120-200 hours yearly and was up for an Executive Management position within the program. The Executive Management position would have put Plaintiff on the fast track to join the Miami-Dade Deputy Mayors or Miami-Dade Commissioners staff and earn even more vacation time.

36.     In addition to the aforementioned adverse employment actions, Garcia continued his harassment towards Plaintiff without consequence, including but not limited to, frequently

going out of his way to follow or purposely walk past Plaintiff to make inappropriate hand gestures and/or other taunting conduct.

37.     Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's race was, at minimum, a motivating factor[1] in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to subject Plaintiff with meritless write-ups, change Plaintiff's hours including suspending his overtime hours, demote Plaintiff, not allow Plaintiff to attend or be allowed to interview to deny Plaintiff the opportunity to obtain promotions, delay Plaintiff's annual review, suspend Plaintiff from participating in the Goodwill Ambassador Service program, and/or force Plaintiff to transfer divisions.

38.     Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

39.     Plaintiff is entitled to reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION BASED ON RACE)

40.     Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

41.     Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

42.     Plaintiff is a member of a protected class, to wit, African-American.

43.     Plaintiff experienced discriminatory treatment due to his race.

44.     Defendant treated Plaintiff less favorably than Plaintiff's non-African-American co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, meritless write-ups, changed hours and suspended overtime hours, delayed annual review, suspension

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

from participating in the Goodwill Ambassador Service program, demotion, denied interviews so that he could not be promoted, and disrespectful and hostile treatment due to his race.

45.    Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was demoted, denied opportunities to obtain promotions, suspended Plaintiff from participating in the Goodwill Ambassador Service program, and forced to transfer divisions.

46.    Defendant's reasons for Plaintiff's meritless write ups, changed working hours, demotion, denied opportunities to obtain promotions, suspension from participating in the Goodwill Ambassador Service program, and forced transfer to another division were pretextual.

47.    Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

48.    Defendant acted with intentional disregard for Plaintiff's rights as an African-American protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owners, supervisors and/or other employees.

49.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

50.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII.

WHEREFORE, Plaintiff RYAN MOSELY requests that:

        a.   The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional

reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

51.     Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

52.     Plaintiff brings this action for retaliation in violation of Title VII.

53.     Plaintiff experienced discriminatory treatment because Plaintiff is African-American.

54.     Plaintiff complained about the discriminatory treatment due to his race.

55.     As a result of Plaintiff's complaints, Defendant subjected Plaintiff to meritless write-ups, changed Plaintiff's working hours including suspending his overtime hours, demoted Plaintiff, denied Plaintiff the opportunity to obtain promotions, suspended Plaintiff from participating in the Goodwill Ambassador Service program, and forced Plaintiff to transfer to another division.

8

56.     Defendant's reasons for Plaintiff's meritless write-ups, changed hours, demotion, denied opportunities to obtain promotions, suspension from participating in the Goodwill Ambassador Service program, and forced transfer to another division were pretextual.

57.     Plaintiff's meritless write-ups, changed hours, demotion, denied opportunities to obtain promotions constitutes, suspension from participating in the Goodwill Ambassador Service program, and forced transfer to another division constitute adverse employment actions under Title VII.

58.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisor, and/or other employees.

WHEREFORE, Plaintiff RYAN MOSELY requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF FCRA
## (DISCRIMINATION BASED ON RACE)

59.    Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

60.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

61.    Plaintiff is a member of a protected class, to wit, African-American.

62.    Plaintiff experienced discriminatory treatment due to his race.

63.    Defendant treated Plaintiff less favorably than Plaintiff's non-African-American co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, meritless write-ups, changed hours and suspended overtime hours, delayed annual review, demotion, denied interviews so that he could not be promoted, suspension from participating in the Goodwill Ambassador Service program, and disrespectful and hostile treatment due to his race.

64.    Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was demoted, denied opportunities to obtain promotions, suspended from participating in the Goodwill Ambassador Service program, and forced to transfer divisions.

65.    Defendant's reasons for Plaintiff's meritless write ups, changed working hours, demotion, denied opportunities to obtain promotions, suspension from participating in the Goodwill Ambassador Service program, and forced transfer to another division were pretextual.

66.    Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

67.     Defendant acted with intentional disregard for Plaintiff's rights as an African-American protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner and/or other employees.

68.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

69.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA.

WHEREFORE, Plaintiff RYAN MOSELY requests that:

a.   The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.   The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF FCRA
## (RETALIATION)

70.     Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

71.     Plaintiff brings this action for retaliation in violation of FCRA.

72.     Plaintiff experienced discriminatory treatment because Plaintiff is African-American.

73.     Plaintiff complained about the discriminatory treatment due to his race.

74.     As a result of Plaintiff's complaints, Defendant subjected Plaintiff to meritless write-ups, changed Plaintiff's working hours including suspending his overtime hours, demoted Plaintiff, denied Plaintiff the opportunity to obtain promotions, suspended Plaintiff from participating in the Goodwill Ambassador Service program, and forced Plaintiff to transfer to another division.

75.      Defendant's reasons for Plaintiff's meritless write-ups, changed hours, demotion, denied opportunities to obtain promotions, suspension Plaintiff from participating in the Goodwill Ambassador Service program, and forced transfer to another division were pretextual.

76.     Plaintiff's meritless write-ups, changed hours, demotion, denied opportunities to obtain promotions constitutes, suspension from participating in the Goodwill Ambassador Service program, and forced transfer to another division constitute adverse employment actions under FRCA.

77.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisors, and/or other employees.

WHEREFORE, Plaintiff RYAN MOSELY requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff RYAN MOSELY hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

13

Dated: November 30, 2022.

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
SHANNA WALL, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com
JORGE GONZALEZ, Esq,
Fla. Bar # 1038146
jorge@icelawfirm.com